Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| MOISÉS MOJICA TORRES<br>Recurrido<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y OTROS<br>Peticionarios | KLCE202500015 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Guayama<br><br>Caso núm.: GM2022CV00032<br><br>Sobre: Daños y Perjuicios |

Panel integrado por su presidente, el Juez Figueroa Cabán, el Juez Salgado Schwarz y el Juez Monge Gómez

**Figueroa Cabán, Juez Ponente**

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 5 de febrero de 2025.

Comparece el Gobierno de Puerto Rico, por sí y en representación del Departamento de Corrección y Rehabilitación (en adelante, "Estado o peticionario") quien solicita que revoquemos la *Resolución Interlocutoria* emitida y notificada el 26 de noviembre de 2024. Mediante la misma, el Tribunal de Primera Instancia, Sala Superior de Guayama (en adelante, "TPI o foro primario") declaró no ha lugar un *Aviso de Injunction Paralizando la Litigación del Presente Caso y sobre el Requisito de Presentar una Solicitud de Gastos Administrativos ante el Tribunal de Título* III.

Por los fundamentos que expondremos a continuación, se deniega expedir el auto de *Certiorari*.

**-I-**

Surge del expediente que el 21 de enero de 2022, el señor Moisés Mojica Torres (en adelante, "el señor Mojica o recurrido") presentó una *Demanda Civil* sobre

daños y perjuicios.[1] En la misma, alegó, entre cosas, que el 31 de marzo de 2021 sufrió una agresión por parte del oficial de corrección Carlos Ortiz Rivera que le causó daños físicos, mentales y afectó su sentencia.

Por su parte, el Estado presentó una *Moción en Solicitud de Desestimación* por entender que conforme a la Regla 10.2 de Procedimiento Civil no existía una causa de acción en su contra que justificara la concesión de un remedio.[2]

Posteriormente, el Departamento de Justicia en representación del Departamento de Corrección, presentó un *Aviso de Injunction Paralizando la Litigación del Presente Caso y sobre el Requisito de Presentar una Solicitud de Gastos Administrativos ante el Tribunal de Título* III.[3] Alegó, que el foro primario no tenía jurisdicción para atender la presente causa de acción porque conforme al *Confirmation Order* emitido el 18 de enero de 2022 por el Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico (en adelante, "Tribunal de Distrito Federal") existe un *injunction* permanente que está en pleno vigor, por lo cual el caso estaba paralizado. Sostuvo, además, que el único remedio disponible para el señor Mojica era presentar una Solicitud de Gastos Administrativos o *Administrative Expenses Requests* ante el Tribunal de Distrito Federal.[4]

El recurrido se opuso a las alegaciones en su contra mediante una *Moción en Cumplimiento de Orden*.[5] En lo aquí pertinente, argumentó que la reclamación estaba excluida de la alegada paralización por constituir un

---

[1] Apéndice del peticionario, anejo I, págs. 1-9.
[2] *Id.*, anejo III, págs. 15-25.
[3] *Id.*, anejo V, págs. 28-38.
[4] 48 USCA sec. 2161.
[5] Apéndice del peticionario, anejo XII, págs. 51-55.

"…**Claims or Causes of Action for gross negligence, willful misconduct or intentional fraud asserted…**".[6]

Así las cosas, el TPI denegó la paralización del caso de epígrafe.[7] Determinó que, en virtud de la *Order Extending Administrative Claim Bar Date for Certain Parties and Modifying Discharge Injunction* emitida el 20 de octubre de 2022 por el Tribunal de Distrito Federal, las causas de acción al amparo de la *Ley de Pleitos contra el Estado* están excluidas de la orden de paralización. Esto, siempre y cuando la reclamación se encuentre dentro de los límites de responsabilidad establecidos en la *Ley de Pleitos contra el Estado*.

Luego de varios trámites procesales, el señor Mojica presentó *Demanda Enmendada* en la cual reiteró sus alegaciones y por primera vez declaró que los daños sufridos ascendían a $100,000.00.[8]

Ante este desarrollo procesal, el Estado presentó un *Aviso de Injunction Paralizando la Litigación del Presente Caso y sobre el Requisito de Presentar una Solicitud de Gastos Administrativos ante el Tribunal de Título III* en el que reiteró sus planteamientos previos.[9]

No obstante, el foro primario declaró no ha lugar el *Aviso de Injunction* solicitado por el Estado.[10] A su entender, la petición era académica porque el asunto había sido resuelto previamente.

En desacuerdo, el Peticionario presentó *Comparecencia Especial en Solicitud de Reconsideración de Resolución*.[11] Adujo que el aviso de *injunction* era un

---

[6] *Id.,* pág. 54. (Énfasis en el original)
[7] *Id.,* anejo XV, págs. 59-70.
[8] *Id.,* anejo XX, págs. 77-81.
[9] *Id.,* anejo XXI, págs. 82-93.
[10] *Id.,* anejo XXX, págs. 108-109.
[11] *Id.,* anejo XXXII, págs. 112-119.

asunto de carácter jurisdiccional y, por ende, no se entiende renunciado o perdido. Además, alegó que procedía la orden de paralización porque la *Demanda Enmendada* formula una reclamación monetaria que excede los límites de responsabilidad establecidos en la *Ley de Pleitos contra el Estado*.

El TPI no atendió la solicitud de reconsideración y dispuso "nada que resolver".[12]

Aún inconforme, el Estado presentó un recurso de *Certiorari* en el que alega que el foro primario incurrió en el siguiente error:

> EL TRIBUNAL DE PRIMERA INSTANCIA **INCIDIÓ** AL REHUSAR DECRETAR EL ARCHIVO ADMINISTRATIVO DE LA CAUSA DE ACCIÓN ASCENDENTE A $100,000, POR UNOS DANOS Y PERJUICIOS QUE EL SEÑOR MOJICA TORRES PRESUNTAMENTE SUFRIÓ, A PESAR DE QUE NO TIENE JURISDICCION PARA ENTENDER DICHO PROCESO.

El recurrido no presentó su alegato en oposición a la expedición del auto en el término que establece el Reglamento del Tribunal de Apelaciones. En consecuencia, el caso está perfeccionado y listo para adjudicación final.

Luego de revisar el escrito del peticionario y los documentos que obran en autos, estamos en posición de resolver.

## -II-

### A.

Como cuestión de umbral, la Regla 52.1 de Procedimiento Civil establece el alcance de la revisión discrecional de las resoluciones u órdenes interlocutorias emitidas por el Tribunal de Primera Instancia en los siguientes términos:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por

---

[12] *Id.,* anejo XXXIII, pág. 120.

el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia[…].[13]

Rebasado el umbral establecido en la Regla 52.1 de Procedimiento Civil, *supra*, corresponde a este tribunal intermedio determinar si procede revisar la determinación interlocutoria recurrida.

A esos efectos, el auto de *certiorari* es el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal inferior.[14] Distinto al recurso de apelación, el tribunal de superior jerarquía tiene la facultad de expedir el auto de *certiorari* de manera discrecional, por tratarse de ordinario de asuntos interlocutorios.[15] Sin embargo, nuestra discreción debe ejercerse de manera razonable, procurando siempre lograr una solución justiciera.[16]

Por su parte, la Regla 40 del Reglamento de este Tribunal establece los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari*. Sobre el particular dispone:

---

[13] Regla 52.1 de Procedimiento Civil (32 LPRA Ap. V).
[14] *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023); *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728-729 (2016); *García v. Padró*, 165 DPR 324, 334 (2005).
[15] *Torres González v. Zaragoza Meléndez*, *supra*, pág. 847; *Medina Nazario v. McNeil Healthcare LLC*, *supra*, pág. 729; *García v. Padró*, *supra*, pág. 334.
[16] *Torres González v. Zaragoza Meléndez*, *supra*, pág. 847; *Mun. Caguas v. JRO Construction, Inc.*, 201 DPR 703, 711-712 (2019); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 338 (2012); *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008).

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

A.  Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B.  Si la situación de hechos planteada es la más indicada para el análisis del problema.

C.  Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D.  Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E.  Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F.  Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G.  Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[17]

**B.**

En *In re: Fin. Oversight & Mgmt. Bd. for Puerto Rico,*[18] el Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico (en adelante, el Tribunal de Distrito Federal") confirmó el Plan de Ajuste Fiscal que presentó el Gobierno de Puerto Rico. Posteriormente, emitió la *Order and Judgment Confirming Modified Eight Amended Title II Joint Plan of Adjustment of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Building Authority* (en adelante, "*Confirmation Order*"). Mediante la misma estableció un mecanismo de *injunction*

---

[17] *Torres González v. Zaragoza Meléndez, supra,* pág. 848; *Mun. Caguas v. JRO Construction, Inc., supra;* 4 LPRA Ap. XXII-B, R. 40.
[18] *In re Fin. Oversight & Mgmt. Bd. For Puerto Rico* (1st Cir.) 12 Bkcy. Serv. Current Awareness Alert NL 4 (December 2022).

permanente en un sinnúmero de causas de acción en contra del Estado.

Posteriormente, el Tribunal de Distrito Federal modificó el Plan de Ajuste Fiscal mediante *Order Extending Administrative Claim Bar Date For Certain Parties and Modifying Discharge Injunction* a los fines de excluir de la paralización a las reclamaciones presentadas al amparo de la Ley de Pleitos contra el Estado:

> 6. The injunction contained in section 92.3 of the Plan and decretal paragraph 59 of the Confirmation Order are modified solely to the limited extent of allowing, litigation with respect to claims authorized to be asserted pursuant to 32 L.P.R.A. §3077(a), **to the extent the amount of such claim asserted is within such statutory limitation of $75,000 or $150,000, as applicable, to proceed to final judgment and execution, including any appeals.**[19]

## -III-

Para el peticionario incidió el foro primario al denegar la paralización de la presente causa de acción. Ello porque en virtud del párrafo 59 del *Confirmation Order* el foro primario carecía de jurisdicción para atender el caso. Arguyó, además, que la determinación recurrida es improcedente porque la reclamación del señor Mojica excede el límite de compensación reconocido en la *Ley de Pleitos contra el Estado*.

En la medida en que el recurso versa sobre la denegatoria de una moción de carácter dispositivo tenemos facultad para atenderlo.

Sin embargo, luego de revisar atentamente el expediente determinamos que ni el remedio ni la

---

[19] Order Extending Administrative Claim Bar Date for Certain Parties and Modifying Discharge Injunction, No. 17 BK 3283-LTS, https://promesa.prd.uscourts.gov/sites/default/files/17-BK-3283-DE-22650.pdf. (Énfasis suplido).

disposición de la *Resolución* recurrida son contrarios a derecho. Regla 40 (A) del Reglamento del Tribunal de Apelaciones, *supra.*

Además, la etapa en que se presenta el recurso no es la más propicia para su consideración. Regla 40(E) del Reglamento del Tribunal de Apelaciones, *supra.*

Finalmente, no se configura ninguna circunstancia que justifique la expedición del auto bajo cualquier otro fundamento al amparo de la Regla 40 de nuestro Reglamento.

## -IV-

Por los fundamentos previamente expuestos, se deniega la expedición del auto de *Certiorari*.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones